## Casper Plock, Appellee, v. Henry M. Plock et al., Appellants.

### Gen. No. 4,903.

1. STATUTE OF LIMITATIONS—*when 20-year provision begins to run against landlord.* The 20-year provision of the statute commences to run in favor of a tenant and against the landlord where the former refuses to attorn or to pay for the premises in question.

2. STATUTE OF LIMITATIONS—*what evidence competent to establish bar of 20-year provision. Held,* that certain deeds, a mortgage, a release and certain oral testimony were competent to show the running of the 20-year provision of the statute in favor of a tenant against a landlord.

Forcible detainer. Appeal from the Circuit Court of Carroll County; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1907. Reversed and remanded. Opinion filed March 11, 1908.

GEORGE L. HOFFMAN, for appellants.

C. W. MIDDLEKAUFF and H. B. WITTE, for appellee.

Plock v. Plock.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

This is an action in forcible detainer, brought by Casper Plock, appellee, before a justice of the peace of Carroll county, against Henry M. Plock and Lewis Stengel, appellants, to recover possession of certain farm lands. Appellee obtained judgment before the justice of the peace and appellants appealed to the Circuit Court of said county, where there was a verdict and a judgment in favor of appellee, and appellants prosecute this further appeal.

The evidence shows that in the year 1861, appellee became the owner of an 80-acre tract of land, described as part of lot 3, S. W. ½, section 16, T. 24, N. R. 7, E. 4 P. M., Carroll county, Illinois, 65 acres of which are involved in this proceeding. In the year 1882, for the consideration of a share of the crop, appellee by a verbal contract leased for one year 65 of the 80 acres to his son Henry M. Plock, one of the appellants. Upon the 15 acres not leased were the dwelling house and barns and other out-buildings which have since been in the possession of and occupied by appellee. During the term of the lease and at times since, appellant Plock has used in company with appellee some of the out-buildings on the 15 acres, and at times appellee pastured some of his stock on the 65 acres. It further appears from the evidence that ever since the year 1883, appellant Plock paid no rent and denied all right of appellee in and to the 65 acres. In the year 1906, appellant Plock leased the land to appellant Lewis Stengel. This suit was commenced in 1907.

On the trial below, appellants asked the court to give the following instruction: "The court instructs the jury that if they believe from the evidence that the defendant Henry M. Plock was in open, continuous, adverse and uninterrupted possession of the premises in question under claim of ownership for twenty years or more prior to the commencement of this suit, then you must find for the defendant." This instruction the court refused. The theory upon which appellee attempts to justify the refusal of the instruction is

that appellant Henry M. Plock, having been a tenant of appellee in 1882, was under the continuous duty to deliver the possession back to appellee, his landlord, and that no Statute of Limitations ran against his performance of that duty, but that he continued a tenant under such renting, notwithstanding he had paid no rent since 1882, and denied that he held the possession under the lease of 1882.

We are of the opinion that this position is not tenable and hold that where a tenant denies his landlord's right of possession, and refused to attorn or pay rent for the premises, a cause of action then accrues to the landlord, and the Statute of Limitations then begins to run.

Appellants offered to show that in 1871 appellee conveyed by special warranty deed, his wife not joining therein, the 80 acres of which the 65 acres in controversy are a part, to one Lizzie Eoickle, a daughter of appellee's wife by a former husband and a half-sister of appellant Plock, the deed for which was duly recorded; and that in October, 1882, and after making the verbal lease for the rental of the 65 acres, appellee was unwilling that Lizzie Eoickle would retain the title, and urged appellant Plock to buy the land from her, and that he was present at conversations with her and helped to procure her consent to sell the property to appellant Plock; and that on October 27, 1882, appellant Plock bought the 80 acres from her and received a deed therefor for a consideration of $2,500 and the assumption of a mortgage thereon for $1,300, which he afterwards paid; that after appellant received the deed of Lizzie Eoickle of the 80 acres, appellee and appellant Plock agreed that appellee should occupy the 15 acres upon which the house and barns were situated; and that appellant should occupy the 65 acres in controversy, and that in 1890, appellant Plock gave appellee a mortgage on the 80 acres to secure a debt of $2,000; and that in 1901 such mortgage was duly released by appellee. The court, on objection of appellee, refused to admit any of the testimony except a part of that not contained in the written documents, and excluded such as was admitted.

We are of the opinion that the deeds, mortgage, release and

the oral testimony relative to the arrangement about the occupation of different parts of the 80 acres, was competent evidence as strongly tending to show that after appellant Plock, at appellee's request, obtained the deed from Lizzie Eoickle, and they divided the 80 acres between them, appellee retaining the 15 acres with the buildings and appellant Plock the 65 acres, the relation of landlord and tenant terminated, and appellant was excused from attorning to appellee, and appellee recognized appellant Plock as the owner of the 65 acres.

For the errors indicated, the judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*